IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **KIM HAMMOND, et al** )<br>)<br>  *Plaintiff,* )<br>)<br>v.   )<br>)<br>**IAN S. LEOPOLD, et al** )<br>)<br>  *Defendants*. )<br>_____) | Case No. 1:25-cv-00336-RDB |

### REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, through undersigned counsel, respectfully submit this Reply in further support of their Motion to Dismiss and state as follows.

## I.   INTRODUCTION

In their Motion to Dismiss, the Defendants contend that the District of Maryland is an improper forum for this dispute because: (1) none of the Defendants resides in Maryland; (2) none of the events or omissions giving rise to the alleged claims occurred within the district; (3) there is no property that is subject of the action within the district; and (4) all of Defendants' corporate records are located in New York and California. Taking precedence over all of these considerations, however, is the existence of a valid and enforceable forum selection clause covering the Plaintiffs' claims, which requires the Court to dismiss the Plaintiffs' Complaint or alternatively, to transfer the Action to the United States District Court for the Southern District of New York.

The Plaintiffs' untimely[1] Response to the Motion to Dismiss, captioned "Motion in Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue" (hereafter "Opposition") fails primarily because it explicitly acknowledges the parties' signed contract and concedes by tacit admission that the forum selection clause is valid and mandatory. The Opposition instead argues that the clause is inapplicable to the claims at issue and/or unenforceable on grounds of unfairness. Yet, the Opposition does not refute that Plaintiffs' lawsuit "aris[es] out of or [is] based" on the acknowledged agreement, nor do Plaintiffs dispute that their jointly asserted claims in the Complaint -- with allegations in each count that fail to differentiate between the losses allegedly incurred or harms allegedly experienced by each Plaintiff – highlight the close relation between the non-signatory parties to the dispute, the transaction, and to one another, thus making it foreseeable for them to be bound to the agreement's forum selection clause.

Plaintiffs' Opposition fails to rebut the presumption of enforceability by showing that enforcement would be unreasonable. Plaintiffs insinuate that in addition to the exhibits submitted with the Defendants' Motion, other signed documents or agreements may exist that could have some relationship to the overall transaction at issue, but fail to identify any documents or facts that

---

[1] Defendants filed their Motion to Dismiss on June 16, 2025, the same date the Motion was served by ECF on Plaintiffs' counsel of record. The Plaintiffs' memorandum in opposition was due on June 30, 2025. L.R. 105.2(a)("Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion …"). Plaintiffs filed their Opposition on July 5, 2025. Defendants note the irony of the Plaintiffs arguing to remain in a district whose rules they cannot be bothered to follow, but in any event, to the extent Plaintiffs file the requisite motion for extension prior to this Court's ruling on the pending motion to dismiss, this Court can perform its equitable inquiry to determine if the delay is due to "excusable neglect." *Lee v. Safeway, Inc.*, 2014 U.S. Dist. LEXIS 137764, *9 (D.Md 2014), citing Fed. R. Civ. P. 6(b)(1)(B) (noting that the court's equitable inquiry "hinges on the characteristics of the delay and the movant's culpability")(other citations omitted). And while this court has recognized that motions for extension of time should be liberally granted, *Louise Trauma Ctr., LLC v. United States Citizenship & Immigr. Servs.*, 2024 U.S. Dist. LEXIS 132113, *7-8 ("The court should freely give leave when justice so requires"), where there is no good cause for the failure, and there is also no excusable neglect shown in failing to seek an extension of time, the Court will not hesitate to enforce its deadlines even if the consequence put the litigant out of court. *Chihota v. Fulton, Friedman & Gullace, LLP*, 2012 U.S. Dist. LEXIS 52908, *4-13 (D.Md 2012)(granting Motion to Dismiss for Insufficient Service of Process where Plaintiff served the defendant outside of the allotted time period, failed to show good cause for the delay, and moreover failed to demonstrate excusable neglect in filing a timely motion for extension, despite that dismissal would result in plaintiff's claims being subsequently time-barred). The delay only exacerbates and prolongs the existing prejudice to the Defendants of having to litigate this dispute in a forum other than the one for which the parties contracted.

are relevant to the Court's resolution of this matter, and likewise fail to address the effect of the integration clause in the parties' agreement. The Affidavit of Plaintiff Kim Hamond filed with the Opposition attempts to muddy the factual waters by purporting to dispute facts in the Motion to Dismiss and otherwise arguing the merits of the case.[2] Notably, the Affidavit does not refute that Hammond signed the agreement at issue or that the forum selection clause is valid and mandatory. For the reasons outlined herein, this Court should find that the forum selection clause is contractually valid and enforceable, and either dismiss the Plaintiffs' Complaint or transfer the Action to the United States District Court for the Southern District of New York, which is the same alternative relief requested by Plaintiffs in their Opposition.

## II. ARGUMENT

### A. The forum selection clause is contractually valid and applicable to the claims at issue in this case.

Notably, the Opposition fails to assert that the Common Unit and Warrant Purchase Agreement ("CUWPA"), which contains the forum selection clause at issue, is not contractually valid. Instead, the Opposition offers a vague challenge on the grounds that the otherwise valid clause "is either inapplicable to the claims at issue or unenforceable under the circumstances of this case." *Opposition* (Dkt. 18), at ¶ 6. Inasmuch as paragraphs 7 through 9 appear to be arguments against the enforceability of the forum selection clause, Plaintiffs are presumably arguing in paragraph 6 that the clause is inapplicable to the Complaint's non-contract and tort claims. However, courts in the Fourth Circuit have consistently found facially contractual forum selection clauses to apply to related tort claims. *Varsity Gold Inc. v. Lunenfeld*, 2008 U.S. Dist. LEXIS 100775 at * 9 (D. Md. Dec. 12, 2008). Here, each of the tort claims relates to Plaintiffs' investment

---

[2] Defendants dispute the facts as presented in Kim Hammond's Affidavit and will address these discrepancies if and when necessary at a more appropriate stage in litigation.

which was memorialized in the CUWPA and related documents. Plaintiffs' non-contract claims depend upon the same set of facts as their contract claims, in that all of the claims asserted flow from and involve the Plaintiffs' decision to invest, the execution of the CUWPA, and the parties' performance of their obligations under the agreement.

The Opposition further misconstrues the posture of the Motion, arguing that Defendants bear the burden of proving improper venue. The existence of a contractually valid forum selection clause shifts the burden to the party challenging the clause to show why the court should not transfer the case to the forum to which the parties agreed. *Atl. Marine Constr. Co. v. United States Dist. Court,* 571 U.S. 49, 63 (2013). Even where the forum selection clause "establishes a remote forum for resolution of conflicts, 'the party claiming [unfairness] should bear a heavy burden of proof.'" *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 592 (1991) (quoting *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17 (1972)). Because the Plaintiffs' lawsuit "aris[es] out of or [is] based" on the parties' agreement, the forum selection clause applies to the Plaintiffs' claims in this Action and Plaintiffs have failed to meet their burden of demonstrating otherwise.

**B. The forum selection clause is not unreasonable.**

As an initial matter, the Opposition's argument that Plaintiffs' choice of forum is entitled to deference holds no weight. *Atl. Marine Constr. Co. v. United States Dist. Court,* 571 U.S. at 63. The Opposition goes on to state reasons why Maryland is a more convenient place for Plaintiffs to litigate, however it does not establish or even attempt to argue that the contractually selected forum of New York is so unfair and inconvenient as, for all practical purposes, to deprive Plaintiffs of a remedy or their day in court. Furthermore, when there is a forum selection clause, district courts do not consider a party's private interests as the Court in *AIG Eur. Ltd v. General Sys.* explained:

> when faced with a forum selection clause, the district court must ignore the private interest factors normally assessed on a § 1404 motion for transfer because the

> parties who have designated a particular forum to litigate their disputes have 'waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.' Instead, the district court should look solely to the public interest factors, which include the administrative difficulties flowing form court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.

2013 U.S. Dist. LEXIS 176560 at *15 (D. Md. Dec. 16, 2013); *see also Atl. Marine Constr. Co.,* 571 U.S. at 64 (explaining that a court evaluating a motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests because the parties waived the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses.). The Opposition does not argue any of the legally recognized public interest factors, instead making legally insufficient arguments that center on Plaintiffs' private interests and convenience.

The Opposition states at paragraph 10 that the Court must consider the convenience of the parties and witnesses and the interest of justice, but this is incorrect. Courts in the Fourth Circuit have consistently held that "mere inconvenience or additional expense" does not rise to the level of "unreasonable" because any inconvenience the complaining party would suffer by being forced to litigate in the contractual forum was clearly foreseeable at the time of contracting. *Davis Media Group, Inc. v. Best Western Int'l, Inc.*, 302 F. Supp. 2d 464, 469 (D. Md. 2004); *see also Tech USA, Inc. v. Evans,* 592 F. Supp. 2d 852, 859 (D. Md. 2009).

Even if the Court did consider the convenience of the parties and witnesses and the interest of justice, the Opposition only states reasons why Maryland is more convenient to *Plaintiffs* not that it would be more convenient to the *parties*. Defendants submitted a sworn affidavit attesting that all of Pridewear's records are located at its offices in New York or California, and except for Mr. Hammond, all potential witnesses concerning the dispute are located outside of Maryland. In

*Davis Media Group, Inc. v. Best Western Int'l, Inc.*, the Court considered competing arguments of convenience and found that alleged inconvenience to the party challenging enforcement of the forum selection clause was not sufficient to render the clause unenforceable. 302 F. Supp. 2d 464, 469 (D. Md. 2004).

The Opposition also argues that the forum selection clause is unreasonable and thus unenforceable because the CUWPA containing the clause pertains only to the initial $100,000 of Plaintiff's overall investment, purportedly representing "less than one-tenth" of Plaintiffs' investment. *Opposition,* at ¶ 8. This argument cites no authority in support of this proposition and moreover fails to take into account that the CUWPA explicitly allows for "more than one closing" as well as the sale of additional Units and Warrants on the same terms and conditions as those contained in the CUWPA. *CUWPA*, *Exhibit 2 to Motion to Dismiss* [Dkt. 17-4] at page 1, ¶¶ 1.2 – 1.3. Plaintiffs' final argument against enforceability posits that because "the majority of the documents offered by Defendants in support of their motion are not even signed by the Defendants," the facts supplied by Defendants are "incapable" of supporting the Motion to Dismiss. *Opposition*, at ¶ 7. Fatal to Plaintiffs' argument is that the CUWPA is fully integrated, is the only document that contains a forum selection clause and as admitted by Plaintiffs, "is signed by Plaintiff Hammond." *Id*. The Opposition fails to explain or provide support for the conclusory argument that the executed CUWPA and the forum selection clause therein are somehow invalidated or unenforceable because other documents attached to the Motion are unsigned.

Lastly, the Opposition does not argue, and there is no evidence in the record in this case that the CUWPA was induced by fraud or that enforcement of the forum selection clause would contravene a strong public policy of the State of Maryland. The Opposition thus fails to establish that the forum selection clause is so unfair and inconvenient as, for all practical purposes, to

deprive Plaintiffs of a remedy or their day in court. The forum selection clause is contractually valid and not unreasonable under any recognized legal standard. Plaintiffs' lawsuit unquestionably "aris[es] out of or [is] based" on the parties' agreement, and the court should enforce the clause to honor the parties' agreed upon expectations.

- C. **The forum selection clause is enforceable by or against non-signatory parties because they are closely related to the dispute, the transaction or one another such that it was foreseeable they would be bound thereby.**

A non-signatory may nonetheless be bound by a contract's forum selection clause if the non-signatory is so "closely related to the dispute such that it becomes 'foreseeable' that it will be bound.'" *Becker v. Noe*, 2019 U.S. Dist. LEXIS 54743 *at * 64* (D. Md. March 27, 2019) (citing *Peterson v. Evapco, Inc.* 118 A.3d 210, 228 (2018)). With only two exceptions, Plaintiffs' Complaint asserts all counts jointly against Defendants Pridewear and Leopold, with allegations that fail to distinguish between the conduct of the defendant parties. Although Defendant American Collegiate Sports LLC ("ACS") is named in only two causes of action (Counts VI and VII for Unjust Enrichment and Tortious Interference with Contractual Relations, respectively), Plaintiffs also assert these counts jointly against multiple defendants, again without any factual distinction between the alleged conduct of the different parties.

As for Plaintiff MFI, though it may not be a signatory to the CUWPA containing the forum selection clause, it is nonetheless bound by it because as the Complaint makes clear, MFI is so closely related to Hammond and to the dispute that every count is asserted jointly by Plaintiffs Hammond and MFI. The Complaint contains over 20 mentions of "Plaintiffs' investments" and each count asserts allegations of duties or payments owed "to Plaintiffs" or losses allegedly incurred and harms allegedly experienced by "Plaintiffs" in a manner that fails to factually differentiate between the parties. To be clear, the Complaint alleges that "Plaintiffs and Defendant

Pridewear entered into a contract . . ." *Complaint* at ¶ 22. The Court need only look within the four corners of the Complaint to conclude that the parties who did not sign the CUWPA are nevertheless so closely related to the dispute, the transaction or to one another that it was foreseeable they would be bound by the terms of the CUWPA.

### III.    CONCLUSION

Plaintiffs' untimely filed Opposition argues that the forum selection clause is inapplicable or unenforceable because it is unreasonable and unfair. These arguments must fail, as the forum selection clause is contractually valid and the Opposition fails to cite any legally cognizable reason that enforcement of the parties chosen forum is unreasonable or unjust. Accordingly, the Court should enforce the parties' forum selection clause and dismiss the Action pursuant to Fed. R. Civ. P. 12(b)(3) or (6), or conclude that dismissal is appropriate under the doctrine of *forum non conveniens*, or alternatively, transfer the Action to the United States District Court for the Southern District of New York.

Respectfully submitted,

/s/ *Jason C. Brino*
Jason C. Brino (Fed. Bar No. 23535)
brino@esglawmd.com
Esworthy, Stevens & Garner
210 Allegheny Ave., Suite 110
Towson, Maryland 21204
(Tel) 410-321-0402
(Fax) 410-321-0403
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July 2025, a copy of the foregoing Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss was served via this Court's CM/ECF system and electronic mail on:

>Christopher Millard, Esq.
>Law Offices of Christopher Millard, LLC
>8016 Bellona Avenue, Suite 43
>Riderwood, Maryland 21139
>c.millard@millard.legal
>*Attorney for Plaintiffs*

>\_\_\_/s/  Jason C. Brino_____
>Jason C. Brino