# Kasell Law Firm

January 4, 2026

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

**Re: Reply to Plaintiff's Opposition to the Proposed Order to Show Cause in *Hammond v. Leopold et al.*, No. 25 Civ. 10002 (RA)**

Judge Abrams:

      I write in reply to Plaintiff's letter opposing Defendants' proposed Order to Show Cause why this action should not be dismissed for lack of subject-matter jurisdiction. *See* ECF No. 34 (proposed OSC); ECF No. 35 (Plaintiff's opposition). If the Court were to sign the proposed Order, Plaintiff would have a full and fair opportunity to present its objections. The only question presently before the Court is whether issuance of an Order to Show Cause is warranted, given the threshold, non-waivable nature of subject-matter jurisdiction, an issue the Court has an independent obligation to assess at every stage of the proceedings.

      Plaintiff's opposition rests on a fundamental legal error. Plaintiff asserts that "we do not believe there is any defect regarding subject matter jurisdiction **over defendant Pridewear LLC**—the only defendant (of the three named) to which defendants' letter-request relates." ECF No. 35 at 1 (emphasis added). That assertion reflects a basic misunderstanding of federal jurisdictional doctrine.

      Federal courts do not exercise subject-matter jurisdiction over individual defendants. Subject-matter jurisdiction cover **the action as a whole**. A court either has subject-matter jurisdiction over the case, or it does not; jurisdiction cannot be parceled out claim by claim or, as Plaintiff attempts here, defendant by defendant. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)).

      Once that premise is corrected, the remainder of Plaintiff's argument necessarily collapses. Plaintiff contends that "there is plainly no issue with diversity jurisdiction over defendant Ian Leopold," and that there is likewise no jurisdictional defect as to American Collegiate Sports LLC. ECF No. 35 at 1–2. Those assertions are legally irrelevant. The dispositive question is not whether diversity jurisdiction

# Kasell Law Firm

could exist as to one defendant—or even two defendants. The question is whether the Court has subject-matter jurisdiction over the action, which has three defendants. If complete diversity is lacking as to any properly joined party, subject-matter jurisdiction is absent, and the case must be dismissed in its entirety.

This principle is neither technical nor discretionary. *Since Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803) it has been settled that federal courts are courts of limited subject matter jurisdiction. This is a threshold issue. Absent jurisdiction conferred by both Article III of the Constitution and an act of Congress, a federal court lacks the power to act, and any orders entered are *void ab initio*.

Here, Plaintiff does not dispute that it is a member of Pridewear LLC. Indeed, I am confident that Plaintiff has received K-1s reflecting its membership interest (K-1s are tax information forms that report a person's share of income, losses, deductions, and credits from a pass-through entity such as an LLC). Plaintiff would have only received these forms because he is a member.

An LLC takes on the citizenship of each of its members. The sole asserted basis for subject-matter jurisdiction in the Complaint is diversity under 28 U.S.C. § 1332. If Plaintiff shares citizenship with any defendant, complete diversity is destroyed as a matter of law.

The jurisdictional error made by the Maryland federal court is therefore clear. In assessing subject-matter jurisdiction, it applied the citizenship test applicable to corporations. *See* ECF No. 23 at 2 n.1. That test is inapplicable here. Corporations take on the citizenship of their state of incorporation and principal place of business; LLCs take on the citizenship of each of their members. The two inquiries are fundamentally different.

Because Plaintiff sued an LLC of which it is a member, complete diversity never existed. As a result, the Court lacked subject-matter jurisdiction from the outset, and all orders entered in this case—including the transfer order, the order permitting amendment, and the order setting a pretrial conference—were entered without jurisdictional authority.

Dismissal is therefore mandatory. Plaintiff's request to proceed on an amended complaint does not, and cannot, cure the jurisdictional defect. No amendment can alter the historical fact that this action was commenced in a federal court that never possessed subject-matter jurisdiction.

# Kasell Law Firm

No showing of prejudice by Defendants is required. Subject-matter jurisdiction is an absolute and non-waivable prerequisite to the exercise of federal judicial power. Even so, prejudice is evident here. By initiating this action in a court that lacked jurisdiction *ab initio* and now attempting to amend around that defect, Plaintiff seeks to obtain the practical benefit of an extended statute of limitations by tethering its claims to the filing date of a complaint that was a legal nullity from the outset.

That is precisely why the law draws a sharp distinction between filing a new action in a court of competent jurisdiction and attempting to proceed by amendment in an action that was void at inception.

Finally, Congress has made clear that jurisdictional defects may be cured only in very limited circumstances. *See* U.S.C. § 1653. Section 1653 permits amendment of defective jurisdictional allegations, not amendment to create jurisdiction where none existed in fact. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-32 (1989). That limitation imposed by Congress is dispositive here. Congress creates the jurisdiction limits imposed on this Court.

In short, Plaintiff's opposition to the proposed OSC is premised on a categorical misstatement of federal jurisdictional law. Because subject-matter jurisdiction runs to the action (not to individual defendants) Plaintiff's attempt to salvage jurisdiction through piecemeal analysis fails as a matter of law. They cannot now create subject matter jurisdiction through amendment unless that jurisdiction existed at the time of the filing.

Respectfully, federal courts are courts of limited subject matter jurisdiction, and defects of this magnitude must be addressed immediately. I respectfully ask that the Order to Show Cause be signed.

Respectfully submitted,
/s/ *David Kasell*
David Kasell
Kasell Law Firm
Counsel for Defendants
cc: All counsel of record
