UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KIM HAMMOND and MILNEL
FOUNDATION, INC.

                25 Civ. 10002 (RA)

        *Plaintiff,*

   v.

IAN S. LEOPOLD, PRIDEWEAR LLC,
and AMERICAN COLLEGIATE SPORTS
LLC

        *Defendants.*
-----------------------------------------------------------X

## [PROPOSED] ORDER TO SHOW CAUSE

    WHEREAS Plaintiffs commenced this action invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332 (ECF No. 1 ¶5);

    WHEREAS it appears from the pleadings and the record that Plaintiff Kim Hammond is a natural person who is a member of Defendant Pridewear LLC (ECF No. 1 ¶¶ 7, 9, 10, 18, 34) (Complaint); *see also* Common Unit and Warrant Purchase Agreement, dated Apr. 29, 2019, Ex. 2 to Affidavit of Ian S. Leopold, *Hammond v. Leopold*, No. 25 25 10002 (RA) (transferred from D. Md. On June 16, 2025) (signed by Plaintiff Kim Hammond and showing the purchase of Membership Units in )

    WHEREAS a limited liability company is deemed a citizen of every state in which its members are citizens, *see Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 382-83 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members.").

    WHEREAS, as alleged, Plaintiff Kim Hammond and Defendant Pridewear LLC are necessarily citizens of the same state (*i.e.*, State of Maryland), thereby destroying complete diversity at the time this action was filed;

    WHEREAS, the District of Maryland did not apply the proper standard to analyzing the citizenship of an limited liability company but instead applied the standard for a corporation, ECF No. 23 at n.2;

WHEREAS subject-matter jurisdiction must exist at the time of filing and cannot be created by subsequent events;

WHEREAS this Ccurt has an independent duty to assess its subject matter jurisdiction;

IT IS HEREBY ORDERED that Plaintiffs shall **SHOW CAUSE**, in writing, on or before January ___, 2026, why this action should not be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

IT IS FURTHER ORDERED that Defendants may file a reply, if any, on or before January ___, 2026;

IT IS FURTHER ORDERED that in the alternative, Plaintiffs may voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on or before January __, 2026, in which event this Order to Show Cause shall be deemed satisfied.

Dated: January __, 2026
New York, New York

SO ORDERED.

_____
Hon. Ronnie Abrams
United States District Judge
Southern District of New York