UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KIM HAMMOND and MILNEL
FOUNDATION, INC.

                                                      25 Civ. 10002 (RA)

               *Plaintiff,*

    v.

IAN S. LEOPOLD, PRIDEWEAR LLC,
and AMERICAN COLLEGIATE SPORTS
LLC

               *Defendants.*
------------------------------------------------------------X

**AFFIRMATION OF DAVID KASELL IN SUPPORT OF
PROPOSED ORDER TO SHOW CAUSE**

       I, David Kasell, hereby affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

       1.     I am an attorney duly admitted to practice before this Court and am counsel of record for Defendants Ian S. Leopold, Pridewear LLC, and American Collegiate Sports LLC in this action. I submit this affirmation in support of Defendants' proposed Order to Show Cause why this action should not be dismissed for lack of subject-matter jurisdiction.

       2.     Plaintiffs commenced this action in the District of Maryland invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1 ¶ 5.

       3.     However, as alleged in the Complaint and reflected in the uncontroverted record, Plaintiff Kim Hammond is a natural person who is a member of Defendant Pridewear LLC. *See, e.g.*, ECF No. 1 ¶¶ 7, 9–10, 18, 34; *see also* Common Unit and Warrant Purchase Agreement dated April 29, 2019, Ex. 2 to

the Affidavit of Ian S. Leopold, ECF No. 17 available at

https://storage.courtlistener.com/recap/gov.uscourts.nysd.654038/gov.uscourts.nysd.654038.17.4.pdf

4. It is well settled that a limited liability company is deemed a citizen of every state in which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382–83 (2016).

5. Accordingly, because Plaintiff Hammond and Defendant Pridewear LLC are necessarily citizens of the same state, complete diversity was lacking at the time this action was filed.

6. Subject-matter jurisdiction must exist at the time of filing of Complaint and cannot be created by subsequent events, including transfer of venue.

7. The absence of complete diversity at commencement deprives the Court of jurisdiction *ab initio* – all prior orders are void.

8. Although this action was transferred from the District of Maryland, the transfer court applied the citizenship standard applicable to corporations rather than the settled rule governing limited liability companies. *See* ECF No. 23 at 2 n.1.

9. Federal courts have an independent and continuing obligation to assess subject-matter jurisdiction at every stage of the proceedings. *See* Fed. R. Civ. P. 12(h)(3).

10. For these reasons, Defendants respectfully request that the Court enter the proposed Order to Show Cause directing Plaintiffs to demonstrate why

this action should not be dismissed without prejudice for lack of subject-matter jurisdiction.

11. In the alternative, Plaintiffs may voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), in which event the Order to Show Cause would be satisfied.

I affirm that the foregoing is true and correct.

Dated: January 5, 2026
New York, New York

*/s/ David Kasell*
David Kasell
Kasell Law Firm
Counsel for Defendants