UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KIM HAMMOND and MILNEL
FOUNDATION, INC.

                                                         25 Civ. 10002 (RA)

                *Plaintiff*,

    v.

IAN S. LEOPOLD, PRIDEWEAR LLC,
and AMERICAN COLLEGIATE SPORTS
LLC

                *Defendants*.
------------------------------------------------------------X

## AFFIRMATION OF DAVID KASELL AFFIRMATION IN SUPPORT OF MOTION TO WITHDRAW

      I, David Kasell, an attorney duly admitted to practice before this Court, affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

      1.     I am the attorney of record for Defendants Ian S. Leopold, Pridewear LLC, and American Collegiate Sports LLC, and I submit this Affirmation in support of the motion seeking leave to withdraw as counsel pursuant to Local Civil Rule 1.4(b).

      2.     On January 9, 2026, Defendant Ian S. Leopold sent a written email expressly terminating my representation of himself and the two limited liability company Defendants.

      3.     In that same correspondence, Defendant Leopold advised that John Bradham and Peter Katzman of Morea Schwartz Bradham Friedman & Brown LLP would assume representation of the Defendants, and both attorneys were included on the email communication.

      4.     Defendant Leopold attached an OAO 154 (10/03) – Substitution of Attorney form identifying Mr. Bradham as incoming counsel along with his contact information, although the form had not yet been fully executed by all required signatories at that time.

5. Prior to the January 9, 2026, termination, and at Mr. Leopold's invitation, Mr. Bradham participated with me in a telephone conference with Mr. Leopold on January 5, 2026, reflecting that Mr. Leopold had already begun involving prospective substitute counsel before terminating my representation.

6. In sum, Mr. Leopold's termination of my representation was deliberate and informed, unequivocal, and unconditional, leaving no ambiguity as to his intent to discharge counsel.

7. Under the New York Rules of Professional Conduct and the ABA Model Rules, once a lawyer is discharged, continued representation is not permitted and withdrawal is ethically mandated. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.16(c)(1) (lawyer shall withdraw upon discharge and may not continue representation); ABA Model Rules of Prof'l Conduct r. 1.16(a)(3) (mandatory withdrawal when lawyer is discharged).

8. Although this Court is not bound by the New York Rules of Professional Conduct or the ABA Model Rules of Professional Conduct, federal courts in this District routinely look to those rules as guidance in evaluating motions to withdraw and questions of attorney conduct.

9. By Order of the Court, Plaintiffs have been directed to file any amended complaint on or before Wednesday, January 21, 2026. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendants' response to any amended pleading will be due fourteen (14) days after service, absent further order of the Court.

10. The Initial Pretrial Conference is currently scheduled for March 6, 2026, providing ample time for substitute counsel to appear and assume responsibility for the defense without prejudice or disruption to the proceedings.

11. Contemporaneously with the filing of this motion, I am simultaneously providing this Affirmation and the accompanying motion by email to Mr. Leopold, Mr. Bradham, and Mr. Katzman. This notice is provided to ensure transparency, to facilitate an orderly transition of representation, and to comply with counsel's ethical obligation to take reasonable steps to avoid foreseeable prejudice to the client upon termination of representation.

12. No party will be prejudiced by counsel's withdrawal. To the contrary, granting this motion will formalize the status already created by Defendants' termination of counsel, ensure that Defendants are represented only by counsel of their choosing, and promote the orderly administration of this action.

13. I am not asserting a retaining lien or a charging lien over Defendants' files.

14. This motion is made in good faith, for proper purposes, and in compliance with counsel's ethical obligations to withdraw when discharged and to take reasonable steps to protect the client's interests during the transition.

WHEREFORE, I respectfully request that the Court grant the motion permitting withdrawal as counsel and grant such other and further relief as the Court deems just and proper.

Dated: January 11, 2026
Long Island City, New York

/s/ David Kasell
David Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, Suite #4
Long Island City, New York 11101
Office: (718) 404-6668
Email: david@kaselllawfirm.com