

David M. Rody
PARTNER
Zuckerman Spaeder LLP
drody@zuckerman.com
410-949-1177

February 27, 2026

**VIA ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

    Re:    Hammond v. Leopold, 1:25-CV-10002 (RA)

Dear Judge Abrams:

    We write on behalf of all parties in the above-captioned action in accordance with this Court's Orders of December 3, 2025 (ECF No. 26) and January 30, 2026 (ECF No. 54), requiring the following joint submission prior to the initial pretrial conference scheduled for March 6, 2026, at 12:30 p.m.

**(1)**    **A brief description of the nature of the action and the principal defenses thereto.**

Plaintiffs' Statement

    Plaintiffs Kim Hammond and Milnel Foundation, Inc. ("Milnel"), a charitable foundation Mr. Hammond oversees, brought suit against defendants Ian S. Leopold and his company Pridewear LLC ("Pridewear") for defrauding Mr. Hammond and Milnel out of more than one million dollars that Mr. Hammond and Milnel loaned to, invested in, or paid Pridewear starting in 2015. Mr. Hammond and Milnel also bring claims against Leopold and Pridewear for breaching various loan, investment, and commercial contracts by, among other things, failing to pay Mr. Hammond interest he was due on his loans to Pridewear, failing to provide Mr. Hammond with valid documentation of his purported interests in Pridewear, and failing to provide goods paid for by Milnel. The Amended Complaint also includes claims of negligence and tortious interference with contractual relations. At its core, this case is about Leopold's repeated and intentional misrepresentations to his one-time friend, Mr. Hammond, that touted Pridewear's great prospects for success, including by claiming partnerships with major companies that never existed and issuing a "conservative" estimate of over $100 million in annual revenue and a potential private equity buyout. Leopold made these statements knowing that Pridewear would never be able to reach such great heights. Yet after investing over one million dollars of his own money and that of Milnel, Mr. Hammond has received no repayment of principal, no interest, no distributions, and no valid documentation of any interest he may possess in Pridewear.

Hon. Ronnie Abrams
February 27, 2026
Page 2

Defendants' Statement

Defendants agree that Plaintiff Hammond invested in Pridewear LLC ("Pridewear") and that Plaintiff Hammond became a member of Pridewear. Plaintiffs' claims and contentions that they were defrauded or otherwise wronged by Defendants, however, are without any basis and patently without merit. Defendants further state that, upon request, they provided Hammond with various accounting and financial documents relating to Pridewear and Hammond's investment in Pridewear. As this matter should be dismissed for lack of subject matter jurisdiction per Defendants' Motion to Dismiss, Defendants have not yet addressed the deficiency of Plaintiffs' claims.

**(2)     A brief explanation of why jurisdiction and venue lie in this Court.**

Plaintiffs' Statement

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship because it is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Mr. Hammond resides in and is a citizen of Maryland. Milnel is a charitable foundation incorporated and located in Maryland. Defendant Leopold resides in and is a citizen of California. Defendant Pridewear is a Delaware limited liability company with a principal place of business located in New York City.

Defendants claim—in their Motion to Dismiss filed on February 18, 2026 (ECF No. 56), and Leopold's accompanying affidavit (ECF No. 57)—that Mr. Hammond is a member of Pridewear and therefore there is no diversity between Pridewear and Mr. Hammond. According to Defendants, Mr. Hammond is claimed to be the only member of Pridewear who resides in Maryland. Plaintiffs dispute that Mr. Hammond is a member of Pridewear, as Plaintiffs will address in their response to Defendants' Motion to Dismiss. Moreover, there is no claim that Mr. Hammond and Milnel are not diverse from Leopold. Accordingly, Plaintiffs will establish that complete diversity exists between all plaintiffs and all defendants. There is no dispute that the amount in controversy exceeds $75,000 exclusive of interest and costs, as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b).

Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Mr. Hammond's claims occurred in this District. Moreover, the parties expressly consented to resolve such disputes in this District by agreeing to a Common Unit and Warrant Purchase Agreement that contains a forum selection clause designating this Court as the forum for the resolution of any claims or disputes "arising out of or based upon" that agreement. ECF No. 17-4 at 9. Indeed, pointing to the same forum selection clause, Defendants previously moved in the United States District Court for the District of Maryland to dismiss this matter for improper venue or, alternatively, to transfer this matter to this Court. ECF No. 17. The

Hon. Ronnie Abrams
February 27, 2026
Page 3

Maryland District Court transferred this matter to this Court, acknowledging the same provision. ECF No. 23.

Defendants' Statement

Defendants' Motion to Dismiss sets forth their grounds for dismissing this action for lack of subject matter jurisdiction.  Plaintiffs have not yet provided an explanation as to why they contend that there is subject matter jurisdiction beyond their above statement.  Defendants note that Defendant Leopold resides in New York.  Defendants further note that since Hammond, a Maryland citizen, is a member of Pridewear, Milnel, a Maryland corporation based in Maryland, also cannot be diverse from Pridewear.

**(3)     A brief description of all contemplated and/or outstanding motions.**

Plaintiffs' Statement

As indicated above, Defendants have filed a Motion to Dismiss the Amended Complaint solely on the basis of alleged lack of subject matter jurisdiction, specifically, that Mr. Hammond is a member of Defendant Pridewear, and therefore not diverse from Pridewear. Plaintiffs intend to establish in connection with their response to that motion that Mr. Hammond is not a member of Pridewear and therefore is diverse from Pridewear. Following the completion of discovery, Plaintiffs expect to move for summary judgment.

Defendants' Statement

Defendants believe that their motion to dismiss for lack of subject matter jurisdiction is meritorious and should be granted.  In the event it were not, Defendants would move pursuant to Federal Rule of Civil Procedure 12(c) to dismiss a number of the claims for failure to state a claim.  Defendants note that Plaintiffs' contention that they will move for summary judgment on their factually and legally deficient claims is patently without merit.

**(4)     A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.**

Plaintiffs' Statement

The parties have engaged in limited formal and informal discovery. On May 13, 2025, pursuant to a request by Defendants' then counsel, Plaintiffs' counsel agreed to participate in the filing of a Joint Motion to Vacate Orders of Default in return for the Defendants' responses to a limited set of interrogatories. The joint motion was filed on May 30, 2025. ECF No. 15. An Order granting the motion was issued on June 2, 2025. ECF. No. 16. On July 25, 2025, Plaintiffs served their first set of interrogatories upon Defendants, through Defendants' then second counsel. As of the present, Plaintiffs have never received a response to their first set of interrogatories. See below No. 7 regarding limited informal discovery.

Hon. Ronnie Abrams
February 27, 2026
Page 4

Defendants' Statement

Defendants' counsel have been counsel in this matter since January 16, 2026 and are unaware of any formal discovery having taken place or Defendants' having agreed to "responses to a limited set of interrogatories" as alleged above by Plaintiffs. The above referenced Joint Motion To Vacate Orders Of Default and Order granting the Motion make no reference to any such agreement.

When Defendants' counsel received a draft of this joint submission from Plaintiffs' counsel on February 25, 2026, we requested that Plaintiffs' counsel send copies of the discovery requests they were referring to, which they did. Defendants note the following regarding these discovery requests: 1) they include voluminous interrogatories and document requests addressing merits based issues to both Defendants Leopold and Pridewear, and American Collegiate Sports LLC, which is no longer a Defendant in this action, 2) the discovery requests are all captioned United States District Court for the District of Maryland, and 3) the Interrogatories are grossly out of compliance with Local Rule 33.3 of the Southern District of New York.

Regardless, given Defendants' motion to dismiss for lack of subject matter jurisdiction, Defendants believe that discovery should be stayed during the pendency of such motion.

**(5)** **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.**

There have been no settlement discussions.

**(6)** **The estimated length of trial.**

The parties expect a trial would take approximately two weeks.

**(7)** **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Plaintiff's Statement

As previously noted, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, on the ground that Mr. Hammond is a member of Pridewear. ECF No. 55. Again, it is Plaintiffs' position that Mr. Hammond is not a member of Pridewear. Prior to the commencement of litigation, Mr. Hammond was denied several requests for limited inspection of Pridewear's books and records, to which Mr. Hammond is entitled if Defendants' assertions regarding his membership in Pridewear are true.[1] Subsequent to the commencement of litigation,

---

[1] . *See* Statutory Right to Inspect Books and Records, Delaware Code Title 6, Section 18-305(a).

Plaintiffs' request was formalized through the service of agreed upon interrogatories, to which Plaintiffs are still awaiting the response previously agreed to by the parties. As recently as December 2025, Plaintiffs' counsel again requested informal discovery (through Defendants' immediately preceding counsel) of precisely the types of documents at issue in Defendants' Motion to Dismiss, but Plaintiffs' requests were refused. In all these instances, Plaintiffs have been denied responsive material critical to assessing the veracity of Defendants' jurisdictional claims. Accordingly, in connection with Plaintiffs' response to the Motion to Dismiss, Plaintiffs will seek leave to perform limited discovery to test the veracity of Defendants' claims regarding Mr. Hammond's alleged membership in Pridewear and the purported lack of subject matter jurisdiction.

Defendants' Statement

Defendants dispute that Plaintiffs were denied any reasonable requests for inspection. Upon Plaintiffs' request, Defendants sent Plaintiffs copies of Defendant Pridewear's financial statements prepared by its accountants and various other accounting and financial documents of Pridewear. Defendants also repeatedly offered to make their accountant available to Plaintiffs, which offers were rejected. Defendants denied Plaintiffs' request to review Defendant Leopold's personal bank statements.

Defendants address Plaintiffs' contentions regarding the purported "agreed upon interrogatories" above in Section (4).

Defendants' counsel is unaware of any "requested informal discovery" made by Plaintiffs' counsel to Defendants' prior counsel.

Lastly, Defendants deny that Plaintiffs "have been denied responsive material critical to assessing the veracity of Defendants' jurisdictional claims."

\* \* \* \* \*

Thank you for the opportunity to provide the Court with information about this matter in advance of the initial pretrial conference. We appreciate the Court's time and consideration, and look forward to discussing this matter with Your Honor on March 6.

Respectfully submitted,

/s/ David M. Rody

cc: All counsel of record