**M S B**

MOREA SCHWARTZ BRADHAM FRIEDMAN & BROWN LLP

April 1, 2026

<u>VIA ECF</u>
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

**Re:**  ***Kim Hammond, et al. v. Ian S. Leopold, et al.***
       <u>**Case No.: 1:25-cv-10002-RA**</u>

Dear Judge Abrams:

We represent Defendants Ian S. Leopold and Pridewear, LLC.  Earlier this evening, the undersigned inadvertently filed an incorrect version of a letter as ECF Doc. No. 79.

Please find attached the corrected and final version of the letter intended for Your Honor. We respectfully apologize for any inconvenience this may have caused.

Respectfully submitted,

/s/ Peter B. Katzman
Peter B. Katzman
Counsel for Defendants

Cc:    David Rody
       Chirstopher Millard

400 Madison Avenue, Suite 17D, New York, New York 10017   Tel: 212 695 8050   Fax: 646 964 5008

**M S B**

MOREA SCHWARTZ BRADHAM FRIEDMAN & BROWN LLP

April 1, 2026

**VIA ECF**
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

Re:    ***Kim Hammond, et al. v. Ian S. Leopold, et al.***
         **Case No.: 1:25-cv-10002-RA**

Dear Judge Abrams:

We represent Defendants Ian S. Leopold and Pridewear, LLC.  As directed by Your Honor at the March 6, 2026 Case Management Conference, the parties agreed to submit letters to the Court by April 1, 2026 regarding their respective positions on a stay of discovery while Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction is pending ("Defendants' Motion").  Dkt. 66.

Defendants' position is that discovery should be stayed pending Defendants' Motion.[1]  In deciding whether to stay discovery pending a motion to dismiss, courts typically consider multiple factors including: (1) the strength of the pending motion, (2) the breadth of discovery sought and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.  *See, e.g., Berger v. Dep't of Def.*, 2025 WL 712875, at \*1 (S.D.N.Y. Mar. 5, 2025); *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at \*1 (S.D.N.Y. Oct. 17, 2023).

### Plaintiffs' Motion Is Very Strong

Based on these factors and otherwise, discovery should be stayed pending the Court's decision on Defendants' Motion.  Defendants' Motion plainly shows that there is no diversity jurisdiction because Plaintiff Hammond is a member of Defendant Pridewear.

---

[1] Defendants presume that the only discovery presently at issue is Plaintiffs' unspecified request for jurisdictional discovery in Plaintiffs' Response To Defendants' Motion ("Plaintiffs' Opposition").  The undersigned counsel has received merits-based discovery requests that Plaintiffs contend was served on Defendants' prior counsel.  Such discovery requests, however: 1) include voluminous interrogatories and document requests addressing merits-based issues to both Defendants Leopold and Pridewear, and American Collegiate Sports LLC, which is no longer a Defendant in this action, 2) the discovery requests are all captioned United States District Court for the District of Maryland, and 3) the Interrogatories are grossly out of compliance with Local Civil Rule 33.3 of the Southern District of New York.

Honorable Ronnie Abrams
April 1, 2026
Page 2 of 3

Plaintiffs' Opposition attempts to obfuscate the fact that there is no diversity jurisdiction and gain jurisdictional discovery by throwing up a mishmash of meritless and irrelevant allegations.  Most significantly, Plaintiffs contend that an "indicia of fraud" surrounds the 2018 and 2020 Amendments to the Pridewear Operating Agreement, despite the fact that Pridewear has 21 members, including three respected attorneys (one of whom is the Chair of Goodwin Proctor's Boston office) and many respected businesspersons, seven of which have MBAs and two of whom are CPAs.  As with Plaintiffs' underlying fraud allegations, which are based at most on pre-Covid "projections", Plaintiffs simply make baseless allegations of fraud with no support whatsoever.  *See, e.g., Haber v. U.S.*, 823 F.3d 746, 754 (2d Cir. 2016) ("conclusory and implausible allegations" do not meet the burden for jurisdictional discovery); *Molchatsky v. U.S.*, 778 F.Supp.2d 421, 438 (S.D.N.Y. 2011)  ("A plaintiff is not, however, entitled to jurisdictional discovery if it cannot show that the requested discovery is likely to produce the facts needed to withstand a Rule 12(b)(1) motion.")

Defendants' Reply amply refutes Plaintiffs' allegations and includes six Declarations to refute Plaintiffs' baseless allegations regarding an "indicia of fraud" surrounding the 2018 and 2020 Amendments.  In order for Plaintiffs to persist with their "indicia of fraud" allegations, they must contend that there is a grand conspiracy, of which the other members of Pridewear were either part or unaware.  This is obviously neither plausible nor credible.

### Plaintiffs Have Failed To Specify Any Jurisdictional Discovery

Despite filing a lengthy and repetitive Opposition contending that they were entitled to jurisdictional discovery, Plaintiffs failed to state what jurisdictional discovery they contend is warranted.  Rather, Plaintiffs state that they "will provide a complete list of the subjects and requests they seek for jurisdictional discovery in the letter to the Court, scheduled for the week after Defendants' reply brief is due."  Opposition, p. 19.  As directed by the Court, however, the March 6, 2026 letter agreed to by the parties specified that the parties would set forth their "respective positions on the stay of discovery" today, April 1, 2026.  It was obviously not intended to permit Plaintiffs to withhold identifying the jurisdictional discovery they contend will establish subject matter jurisdiction until after Defendants submit their Reply and thereby give Plaintiffs a sur-reply.  Accordingly, Defendants respectfully request that they be permitted to respond to Plaintiffs' April 1, 2026 letter should Plaintiffs specify the jurisdictional discovery they request therein.

The only jurisdictional discovery Plaintiffs do propose in their Opposition is "to seek contemporaneous communications at the time the 2018 and 2020 amendments to the operating agreement were adopted…"  Opposition, p. 19.  This plainly does not demonstrate how discovery would bear on a critical issue for jurisdiction, and amounts to no more than a pointless fishing expedition, particularly given the strong proof Defendants submitted regarding the Amendments.  *See, e.g., Haber, supra,* 823 F.3d at 753 (jurisdictional discovery not permitted where plaintiff fails to show how information it hopes to obtain will bear on the critical issue for jurisdiction); *Reed International v. Afghanistan International Bank*, 657 F.Supp.3d 287, 299 (S.D.N.Y. 2023) ("discovery need not be granted to permit a fishing expedition for jurisdictional facts…").

Honorable Ronnie Abrams
April 1, 2026
Page 3 of 3

## **Staying Discovery Will Not Prejudice Plaintiffs**

As set forth above, there is a strong, documented record that there is no diversity jurisdiction in this case.  Permitting Plaintiffs to engage in unspecified jurisdictional discovery based on their meritless arguments will only waste further judicial and legal resources, just as Plaintiffs did by filing this action in Maryland despite a clear New York venue provision.

Plaintiffs will suffer no prejudice if discovery is stayed pending a decision on Defendants' Motion.  Moreover, Plaintiffs will have ample opportunity to refile this action in state court.

In sum, Defendants respectfully request that discovery be stayed pending the Court's decision on Defendants' Motion.

Respectfully submitted,


/s/ John M. Bradham
John M. Bradham
Counsel for Defendants


Cc:    David Rody
       Chirstopher Millard

400 Madison Avenue, Suite 17D, New York, New York 10017   Tel: 212 695 8050   Fax: 646 964 5008