**Christopher Millard**
Senior Counsel

THE LAW OFFICES OF
CHRISTOPHER MILLARD, LLC
ATTORNEY AT LAW
8016 Bellona Ave, Ste. 43
Riderwood, Maryland  21139-0043

Tel: 410-821-7747 ext. 20
Fax: 443-300-7911
C.Millard@Millard.Legal

April 1, 2026

**DELIVERY VIA ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

**Re:**    *Hammond v. Leopold et al.*
        **Case No. 1:25-cv-10002 (RA)**

Dear Judge Abrams:

   We write respectfully pursuant to the Court's directive at the pretrial conference on March 6, 2026, to set forth the details regarding the limited jurisdictional discovery that Plaintiffs request in order to properly respond to Defendants' Motion to Dismiss.

## Background

   Preliminarily, notwithstanding defense counsel's protestations to the contrary, plaintiffs' counsel plainly understood the Court's instruction at the March 6 pretrial conference to be that, following submission of Defendants' Reply, the parties were to submit separate letters to the Court setting forth their positions on discovery—including Defendants' request for a stay of discovery and Plaintiffs' request for limited jurisdictional discovery.

   Plaintiffs first raised the need for limited jurisdictional discovery to respond to the Motion to Dismiss in the parties' February 27, 2026 Joint Pretrial Conference Statement.  (ECF No. 62). Plaintiffs thereafter discussed their desire to seek jurisdictional discovery with the Court during the March 6 conference.  Plaintiffs then spent much of their March 11, 2026 Response to the Motion to Dismiss (ECF 67), setting forth the legal and factual bases for the requested jurisdictional discovery.

   The facts within the Response (ECF 67) included Defendants' failure to grant Mr. Hammond the access to Pridewears' books and records to which he was entitled if he were truly a member; Defendants' failure to comply with essentially every formality required under Delaware law and Pridewear's own documents as a condition precedent to Mr. Hammond becoming a Pridewear member; prior defense counsels' failure to comply with agreed-upon informal discovery; Defendants' failure to provide any documents outside of those obtained in ECF filings; the denial of access to material critical to assessing the veracity of Defendants' jurisdictional claims; and the suspicious and contradictory nature of many of Defendants' claims over the years regarding Pridewear, its membership, and its finances.

Plaintiffs also set forth the cases establishing that jurisdictional discovery is permissible where jurisdictional facts are genuinely disputed or defects can be cured, and where there has been a "threshold showing" of facts supporting a "colorable claim of jurisdiction." (ECF 67 at 12-13.) As Defendants have noted in their discovery letter (ECF 80), Plaintiffs further stated in their Response to the Motion to Dismiss that they would provide a complete list of the subjects and requests for the jurisdictional discovery they seek in this very letter—which Plaintiffs' plainly did because they understood that to be one of the purposes of this letter, pursuant to the Courts' instructions at the March 6 conference.

Accordingly, Plaintiffs reiterate their request to perform limited jurisdictional discovery to further develop the factual record regarding Mr. Hammond's alleged membership in Pridewear and to test the veracity of Defendants' asserted jurisdictional facts and documents.

### Plaintiffs' Jurisdictional Discovery Requests

Plaintiffs seek the following discovery focused on the specific jurisdictional issues in this matter:

1. DOCUMENTS

   (a) Pridewear's operating agreement(s), including all versions and amendments;
   (b) Any membership ledgers, cap tables, unit or membership interest registers, schedules of members, and any documents identifying members at any relevant time;
   (c) All consents, joinders, admission agreements, subscription agreements, or similar instruments relating to Plaintiff's purported admission as a member;
   (d) Records of capital contributions, capital accounts, and distributions relating to Plaintiff;
   (e) Minutes, resolutions, or written consents concerning admission of new members, allocations, or distributions to Plaintiff;
   (f) Federal, state, and local tax filings and schedules for Pridewear for the relevant tax years that reference Plaintiff, including any Schedules K-1 and workpapers supporting issuance;
   (g) Communications between Defendants (including any consultants, accountants, or tax preparers) and Plaintiff concerning any alleged membership, capital contributions, allocations, or distributions;
   (h) All documents reflecting the movement, transfer, or disbursement of funds received from Plaintiffs within three months of receipt, including but not limited to wire transfer records, internal accounting entries, or communications regarding such transfers.

2. INTERROGATORIES (limited to no more than 10)

   (a) Identify all persons or entities who were members of Pridewear during the relevant period and the basis for each admission;
   (b) Describe the process and date(s) of Plaintiff's purported admission, including all required approvals and documents;
   (c) State all capital contributions allegedly made or committed by Plaintiff and the dates and forms of any such contributions;
   (d) Identify any allocations or distributions made or attempted to be made to Plaintiff and their dates and amounts;
   (e) Identify the individuals who decided to issue a K-1 to Plaintiff, the basis for doing so, and the records consulted;

(f)  Identify all persons with which you had communications regarding the receipt, use, or movement of funds provided by Plaintiffs.

3.  DEPOSITIONS

(a)  A Rule 30(b)(6) deposition of Pridewear limited to topics concerning formation, membership admission procedures, the identity of members during the relevant period, records of Plaintiff's alleged membership, capital accounts, allocations, distributions, the basis for any K-1 issued to Plaintiff, and the contemporaneous (within 3 months) transfer or use of Plaintiffs'' said funds upon receipt;

(b)  The deposition of Defendant Ian Leopold limited to the same jurisdictional topics and his affidavit assertions.

### Proposed Schedule

Plaintiff proposes the following discovery schedule:

1.  Production of documents within 21 days of the Court's order.

2.  Responses to up to 10 jurisdiction-focused interrogatories within 21 days of service.

3.  Completion of Rule 30(b)(6) and Leopold depositions within 45 days of the order.

4.  Supplemental jurisdictional briefing, if necessary, within 14 days after completion of discovery.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant limited the jurisdictional discovery set forth above.  Plaintiffs submit that the above-described discovery will permit the Court to make a reliable jurisdictional ruling without affecting the merits of the action. Accordingly, Plaintiffs respectfully request that the Court enter an order:  (1) authorizing the targeted discovery described herein; (2) setting the proposed schedule or such schedule as the Court deems appropriate; and (3) granting such other and further relief as the Court deems just and proper.

We appreciate the Court's consideration to this request.

Respectfully submitted,

/s/ Christopher Millard
Christopher Millard
Co-Counsel for Plaintiffs


Cc:  All counsel of record