M S B

MOREA SCHWARTZ BRADHAM FRIEDMAN & BROWN LLP

April 2, 2026

<u>VIA ECF</u>
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

Re:     ***Kim Hammond, et al. v. Ian S. Leopold, et al.***
         <u>**Case No.: 1:25-cv-10002-RA**</u>

Dear Judge Abrams:

We represent Defendants Ian S. Leopold and Pridewear, LLC.  We respectfully request that Plaintiffs' April 1, 2026 letter to the Court be disregarded or that Defendants be permitted to respond to it.

Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction on February 18, 2026, Plaintiffs filed their Response To Defendants' Motion ("Opposition") on March 11, 2025 and Defendants filed their Reply on March 25, 2026.

On March 6, 2026, the Court held a conference and ordered the parties to submit a joint letter stating when the parties would set forth their respective positions regarding a stay of discovery while Defendants' Motion is pending.  In accordance therewith, the undersigned filed a March 6, 2026 letter addressed to the Court - agreed to in writing by Plaintiff's counsel - stating that by April 1, 2026 the parties would submit "their respective positions on the stay of discovery" while Defendants' Motion is pending.  Dkt. 66.

Although Plaintiffs' Opposition argued at length that they were entitled to jurisdictional discovery, Plaintiffs failed to state what jurisdictional discovery they contend is warranted. Rather, Plaintiffs withheld identifying such proposed jurisdictional discovery until filing their April 1, 2026 letter, thereby preventing Defendants from addressing it in their Reply and effectively giving Plaintiffs a sur-reply.

Having read Defendants' earlier filed April 1 letter (which they referenced), Plaintiffs' disingenuously contend in their April 1 letter that the parties' respective letters were to "set forth their positions on discovery – including Defendants' request for a stay of discovery and Plaintiffs request for limited jurisdictional discovery."  Dkt. 81.  At the same time, Plaintiffs state in their letter that they set forth their proposed jurisdictional discovery "in order to properly respond to Defendants' Motion to Dismiss", which was, of course, the purpose of Plaintiffs' Opposition. *Id*.

Contrary to Plaintiffs' contention, the parties' April 1 letters were to address the parties "respective positions on the stay of discovery".  Dkt. 66.  The letters were obviously not intended

400 Madison Avenue, Suite 17D, New York, New York 10017   Tel: 212 695 8050   Fax: 646 964 5008

Honorable Ronnie Abrams
April 2, 2026
Page 2 of 2

to permit Plaintiffs to withhold specifying their requested jurisdictional discovery so that Defendants had no opportunity to address it in their Reply.

       In sum, Plaintiffs clearly should have stated what jurisdictional discovery they proposed in their Opposition.  Rather, Plaintiffs have engaged in gamesmanship by withholding the jurisdictional discovery they proposed until they filed their April 1 letter in order to deny Defendants the opportunity to address it in their Reply.  Defendants respectfully request that Plaintiffs' April 1 letter be disregarded or that Defendants be permitted to respond to it.

                Respectfully submitted,


                /s/ John M. Bradham
                John M. Bradham
                Counsel for Defendants


Cc:    David Rody
       Chirstopher Millard