**Christopher Millard**
Senior Counsel

THE LAW OFFICES OF
CHRISTOPHER MILLARD, LLC
ATTORNEY AT LAW
8016 Bellona Ave, Ste. 43
Riderwood, Maryland  21139-0043

Tel: 410-821-7747 ext. 20
Fax: 443-300-7911
C.Millard@Millard.Legal

April 3, 2026

**DELIVERY VIA ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

**Re:**   *Hammond v. Leopold et al.*
       **Case No. 1:25-cv-10002 (RA)**

Dear Judge Abrams:

Plaintiffs respectfully submit this letter in response to Defendants' request for leave to respond to Plaintiffs' prior letter concerning limited jurisdictional discovery and to renew Plaintiffs' request that the Court grant such limited discovery.

Plaintiffs raised the need for narrowly tailored jurisdictional discovery in the parties' Joint Pretrial Conference Submission on February 27, 2026 (ECF 62), identifying the need to seek discovery on discrete categories of information necessary to resolve threshold jurisdictional issues.  Plaintiffs then reiterated that position during the pretrial conference with the Court on March 6th, 2026, explaining that the requested discovery is limited in scope and directly relevant to the jurisdictional questions before the Court.  It was the understanding of Plaintiffs' counsel present during the telephone conference that the direction of the Court was for all parties to set forth the particulars of their positions on discovery—be it a stay of discovery for Defendants or limited jurisdictional discovery for Plaintiffs—in the parties' separate letters to the Court on April 1, 2026, following Defendants' Reply.

Plaintiffs then restated their position on jurisdictional discovery multiple times thereafter in their Response to the Motion to Dismiss.  Defendants had a full and fair opportunity to address Plaintiffs' planned request in its prior submissions and during the parties' exchanges—and Defendants did so.  The record thus already reflects both sides' positions on whether limited jurisdictional discovery is warranted.  Throughout these proceedings, Plaintiffs have maintained a consistent, narrow, and focused request:  limited discovery targeted to the jurisdictional facts uniquely within Defendant's possession, custody, or control.  Plaintiffs' request remains confined to the limited scope required to reasonably address the Defendants' claims given the lack of documentary material Defendants have provided to the Plaintiffs, and it is tailored to avoid burden while ensuring a complete jurisdictional record.

Defendants' proposed additional response would be cumulative, given that Defendants have already articulated their objections to jurisdiction and to Plaintiffs' jurisdictional discovery request in their prior filings and correspondence.  Allowing another round of briefing would not aid the Court's resolution of the narrow issues presented; it would only delay adjudication.  The existing record contains the relevant arguments[1] and demonstrates that the requested discovery is limited and essential to resolving the jurisdictional questions efficiently and fairly.

For the foregoing reasons, Plaintiff respectfully requests that the Court (a) deny Defendant's request for leave to file an additional response to Plaintiff's letter regarding limited jurisdictional discovery, and (b) grant Plaintiffs' request for limited jurisdictional discovery as set forth in Plaintiffs' letter dated April 1, 2026.  We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Christopher Millard
Christopher Millard
Co-Counsel for Plaintiffs

Cc:  All counsel of record

---

[1] Throughout their various filings, Defendants have repeatedly mischaracterized Plaintiffs' words and position. Specifically, on multiple occasions, Defendants have misleadingly stated Plaintiffs' request by describing it as such:  "*The only jurisdictional discovery Plaintiffs do propose*  is 'to seek contemporaneous communications at the time the 2018 and 2020 amendments to the operating agreement were adopted...'" (ECF 70 at 8 (emphasis added).)  In fact, what Plaintiffs actually said in their Response to the Motion to Dismiss—after setting forth the legal and factual bases for jurisdictional discovery—was:  "*For present purposes, however, and just by way of example*, Plaintiffs expect their jurisdictional discovery requests to seek contemporaneous communications at the time the 2018 and 2020 amendments to the operating agreement were adopted, in order to assess the provenance and validity of Defendants' newly revealed documents." (ECF 67 at 19 (emphasis added).)